## Armitage's Estate

*Donald A. Gallager* and *Isaac S. Grossman*, for petitioner.

*Elmer L. Menges*, contra.

KNIGHT, P. J., December 16, 1946.—On May 31, 1946, Bessie I. Armitage was found by this court to be a feeble-minded person, and the Norristown-Penn Trust Company was appointed guardian of her estate. At the time of the appointment Bessie I. Armitage was a fugitive patient from the Norristown State Hospital. With full knowledge of this fact, Isaac S. Grossman, a member of the Philadelphia Bar presented a petition, signed by Bessie I. Armitage, on which a rule was allowed, to show cause why the guardian should not be discharged and the property of Bessie I. Armitage

returned to her custody and control. This petition was subsequently withdrawn.

On August 7, 1946, Bessie I. Armitage presented her petition, on which a rule was allowed, to show cause why she should not receive an allowance from her estate, and why the guardian should not pay certain expenses and fees to her counsel, Isaac S. Grossman and Donald A. Gallager. This petition was also withdrawn so far as it pertained to an allowance for support.

On October 18, 1946, a supplemental petition was filed by Donald A. Gallager, of counsel for Bessie I. Armitage, on which a rule was allowed upon Bessie I. Armitage, Norristown-Penn Trust Company, guardian, Ezekiel Ralston, Jr., Margaret W. Armitage and Margaret Keagle, guardian ad litem for Margaret Armitage, Anna Armitage and Florence Armitage, minors, to show cause why the guardian should not pay from the estate of Bessie I. Armitage the following amounts: to Isaac S. Grossman and Donald A. Gallager a counsel fee of $200; to Isaac S. Grossman for moneys advanced by him for psychiatric examination and notary fees, $26.50.

An answer was filed by the guardian, Norristown-Penn Trust Company, in which it avers its willingness to abide by the directions of the court. An answer was filed by Ezekiel Ralston, Jr., to the same effect. Both of the above answers demand proof of the averments in the petition if said averments are deemed material. Both answers aver that Bessie I. Armitage has a husband living, Ernest W. Armitage, who is able and willing to maintain his wife. The answer of Elmer L. Menges, attorney for Ernest W. Armitage, husband of Bessie, neither admits nor denies the averments of the petition, but avers that Bessie I. Armitage was not in need of the services rendered by counsel, and suggests that she return to the Norristown State Hospital and, if well, be discharged.

Attached to the supplemental petition is a memorandum of the services rendered by counsel and the money advanced by Mr. Grossman.

We have gone over this memorandum, and we do not think the charges are excessive or improper in view of the size of the estate of the feeble-minded person, to wit, about $7,000. The question arises, however, whether under the circumstances counsel fees and expenses should be allowed from the estate of the feeble-minded person?

When one deals with a person whom he knows has been adjudged a person of feeble mind by a court of competent jurisdiction, it seems obvious that no recovery can be had on a contractural basis from the estate of the feeble-minded person: The Sales Act of May 19, 1915, P. L. 543.

The Sales Act of 1915, supra, provides: (section 2)

"Where necessaries are sold and delivered to . . . a person who by reason of mental incapacity . . . is incompetent to contract, he must pay a reasonable price therefor, or return the goods in substantially the same condition as when received, within reasonable time."

Necessaries are defined in the section to mean goods suitable to the condition in life of such person, and to his actual requirement at the time of delivery. It seems apparent that services are not goods.

In Weightman's Estate, 126 Pa. Superior Ct. 221 (1937), a divided court held that legal services rendered in an attempt to obtain the discharge of an insane person from a mental hospital on a writ of habeas corpus were necessaries for which the estate of the insane person was liable.

It seems to us that Weightman's Estate, supra, can be distinguished from the case at bar in several respects: First, that was a writ of habeas corpus, and the Mental Health Act specifically gives to a person

confined in a mental hospital the right to such a writ; second, the proceedings in the Weightman case were to secure the release of the insane person from custody, while this proceeding was to discharge the guardian of the estate of the feeble-minded person; third, the proceedings by which Weightman was placed in the hospital were summary, while here Bessie Armitage was adjudged incompetent only, after a hearing; fourth, Weightman was actually in custody, while in the present case, the feeble-minded person had escaped from the Norristown State Hospital and was a fugitive when all the petitions were filed.

Weightman's Estate points out the proper procedure in such cases, i. e., a petition to the court having charge of the estate of the incompetent for leave to represent her, and to charge her estate for reasonable fees and expenses.

In Weightman's Estate, supra, on page 228, it is said:

"As we view the matter, every claim of the nature of those here presented against the estate of an incompetent must be disposed of upon its individual merits and in the exercise of a sound judicial discretion controlled by its particular circumstances."

The proper course for Bessie I. Armitage to pursue is to return to the State hospital and, if well, be discharged therefrom. Counsel knew she was a fugitive when the petition for the discharge of the guardian was filed. If this claim is allowed, there is nothing to prevent the fugitive, Bessie I. Armitage, from employing other counsel and repeating the whole process again. It can easily be seen that in this way her estate could be dissipated.

After considering all of the circumstances, we are all of the opinion that the prayer of the petition should be refused.

And now, December 16, 1946, the rule is discharged.